IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**JON LEE and DONNA LEE**                                                              **PLAINTIFFS**

v.                              **CASE NO. 3:17-CV-03024**

**STATE FARM FIRE &**
**CASUALTY COMPANY**                                                       **DEFENDANT**

## OPINION & ORDER

Currently before the Court is a Motion to Dismiss (Doc. 6) filed by Defendant State Farm Fire & Casualty Company ("State Farm") on April 11, 2017. As of May 18, 2017, Plaintiffs Jon and Donna Lee had yet to respond to the Motion. The Court accordingly emailed Plaintiffs' counsel to inquire whether they were conceding the Motion, and if not, whether they had any other justification or basis for failing to file a response. Counsel replied to the Court's email on that same date, stated that they opposed the Motion, and indicated both that they would file an amended complaint and would seek leave to respond to the Motion. Plaintiff's counsel unfortunately did neither, so the Motion remains without response and ripe for adjudication. For the reasons stated herein, Defendant State Farm's Motion to Dismiss (Doc. 6) is **GRANTED**.

## I. DISCUSSION

During the time relevant to this case, the Lees owned a home located at 180 Road 1419 in Mountain Home, Arkansas. On January 30, 2016, a fire damaged or destroyed the home and the Lees' personal property located therein. At the time, the Lees had an insurance policy with State Farm, which it represents covered loss caused by fire. The Lees thus demanded payment from State Farm under the terms of their policy, but State

1

Farm denied their claim. The Lees accordingly filed suit in the Circuit Court of Baxter County, Arkansas, on March 21, 2017. (Doc. 1-1). Their Complaint (Doc. 3), since removed to this Court by State Farm, claims that the fire caused a total or partial loss to the Lees' home and personal property. It then asserts that State Farm "breached the duty of good faith and fair dealing by failing to honor the terms of its policy" and "failed to exercise good faith in performing its obligation" under the policy. *Id.* at ¶¶ 20-21. The Complaint also alleges that State Farm "has prevented, hindered, and delayed their performance of the contract." *Id.* at ¶ 22. State Farm's April 10, 2017 Answer (Doc. 4) indicates that it denied the Lees' claim based on its belief that the Lees were responsible for the fire in question, and intentionally concealed and misrepresented this fact in pursuing their insurance claim. State Farm next filed its Motion to Dismiss (Doc. 6) a day later. The Motion contends that the Lees' Complaint fails to state a claim for breach of good faith and fair dealing, and seeks dismissal of that claim.

To survive State Farm's Motion to Dismiss,[1] the Lees' Complaint must present "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The intention of this is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In evaluating the sufficiency of the

---

[1] Though styled as a motion to dismiss, State Farm's Motion is technically a motion for judgment on the pleadings, because State Farm filed the Motion *after* it answered the Lees' Complaint. *See* Fed. R. Civ. P. 12(b), (c). Regardless, the distinction between a motion for judgment on the pleadings brought under Fed. R. Civ. P. 12(c) and a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) "is purely formal, because we review [a] 12(c) motion under the standard that governs 12(b)(6) motions." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). To avoid confusion, the Court will continue to refer to State Farm's Motion as a "motion to dismiss."

Complaint, the Court assumes that "all factual allegations in the pleadings are true and interpret[s] them in the light most favorable to the nonmoving party." *Bell v. Pfizer, Inc.*, 716 F.3d 1087, 1091 (8th Cir. 2013) (internal quotation omitted).

Even so, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). In short, "the pleading standard that Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

The Lees' claim for breach of good faith and fair dealing fails to meet Rule 8's pleading standard. As an initial matter, Arkansas courts generally do not recognize a separate claim for breach of good faith and fair dealing. *Ark. Research Med. Testing, LLC v. Osborne*, 2011 Ark. 158, at *6 (declining to "recognize a separate contract claim for breach of the duty of good faith and fair dealing"); *Country Corner Food & Drug, Inc. v. First State Bank & Trust Co. of Conway, Ark.*, 332 Ark. 645, 655 (1998) ("The fact that every contract imposes an obligation to act in good faith does not create a cause of action for a violation of that obligation, and . . . this court has never recognized a cause of action for failure to act in good faith."); *see also Mountain Home Flight Serv., Inc. v. Baxter Cnty.,*

*Ark.*, 758 F.3d 1038, 1043 (8th Cir. 2014) ("The Supreme Court of Arkansas has clarified that Arkansas contract law does not recognize a separate contract claim for breach of a duty of good faith and fair dealing." (quotation marks omitted)). However, Arkansas courts do recognize a tort for bad faith against insurance companies. This tort applies to "an insurer who actively engaged in dishonest, malicious, or oppressive conduct in order to avoid its liability." *Osborne*, 2011 Ark. 158, at *6; *see also Findley v. Time Ins. Co.*, 264 Ark. 647, 654–55 (1978) ("[W]e do not reject the possibility that an insurer may be liable in tort . . . upon a showing that, without a good faith defense to the insured's claim, it actively engaged in dishonest, malicious, or oppressive conduct in order to avoid its liability.").

A plaintiff can accordingly state a claim for bad faith against her insurance provider if the factual content of her complaint, accepted as true, plausibly alleges that the insurer "engaged in affirmative misconduct that was dishonest, malicious, or oppressive." *Unum Life Ins. Co. of Am. v. Edwards*, 362 Ark. 624, 627 (2005). Thus, in the specific context of fire insurance, the *Findley* Court discussed with approval the case of *Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d 566 (1973). The complaint in *Gruenberg* alleged that the defendant insurer "conspired with the police to have the claimant charged with arson, on the representation that he was over-insured and thus had a motive for arson." *Findley*, 264 Ark. at 650. Based in large part upon this allegation, the California Court held that the complaint stated a cause of action for the tort of bad faith. The case of *Toledano v. Shelter Mut. Ins. Co.*, 2014 WL 2557225 (W.D. Ark. June 6, 2014),[2] also involved a cause of

---

[2] The Hon. Susan O. Hickey (adopting the Report and Recommendation of U.S. Magistrate Judge Barry A. Bryant).

4

action for bad faith against a fire insurer. According to the complaint, the insurer's investigator claimed to have spoken with the local Fire Marshal, and reported to the insurer that the Marshal "investigated the fire and determined it to be arson." *Id.* at *3. However, the plaintiff's associate contacted the Marshal, who told the associate, "the fire department made no determination as to whether the fire was arson." *Id.* Nonetheless, this apparent issue of fact, coupled with the insurer's failure to accommodate plaintiff's language barrier, did not "rise to the level of egregiousness required to support [p]laintiff's bad faith claims." *Id.*

The Lees' Complaint does not contain factual allegations comparable to those in *Gruenberg* or even *Toledano*. Instead, the Complaint is largely comprised of the sort of "labels and conclusions" and "naked assertions" disfavored by the *Twombly / Iqbal* pleading standard. For example, the Complaint asserts that State Farm "has failed to adequately investigate Plaintiffs' claim," (Doc. 3, ¶ 24), but fails to explain the alleged inadequacy. State Farm also "failed to properly investigate Plaintiffs' claim," *id.* at ¶ 25, but the reader remains in the dark about what was so improper. State Farm "has not offered a reasonable explanation for its refusal to pay Plaintiffs' claim," *id.* at ¶ 27, but left unsaid is why the offered explanation is unreasonable. The Court could continue this exercise, but will not belabor its point.

In sum, the Lees' Complaint fails to state a claim for bad faith against State Farm. State Farm's Motion to Dismiss (Doc. 6) is therefore **GRANTED**. Because an amended complaint could conceivably state a claim for bad faith, the Court's dismissal is **WITHOUT PREJUDICE**.

**IT IS SO ORDERED** on this 27th day of June, 2017.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE