IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**JOE LEE AND DONNA LEE**                                         **PLAINTIFFS**

v.                              **CASE NO. 3:17-CV-3024**

**STATE FARM FIRE & CASUALTY COMPANY**                          **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Currently before the Court is a Motion for Partial Summary Judgment (Doc. 20) filed by Defendant State Farm Fire & Casualty Company ("State Farm"). Plaintiffs Joe and Donna Lee ("the Lees") are represented by counsel but failed to respond to the Motion. More than two months have passed since a response was due. For the reasons explained herein, the Motion (Doc. 20) is **GRANTED**.

### I. BACKGROUND

During the time relevant to this case, the Lees owned a home located at 180 Road 1419 in Mountain Home, Arkansas. On January 30, 2016, a fire damaged or destroyed the home and the Lees' personal property. At the time, the Lees had an insurance policy with State Farm that covered loss caused by fire. The Lees thus demanded payment from State Farm under the terms of their policy, but State Farm denied their claim on suspicion that the fire was not accidental. After State Farm denied their claim, the Lees filed suit in the Circuit Court of Baxter County alleging breach of contract and breach of the duty of good faith and fair dealing. State Farm removed the case to this Court and later filed a Motion to Dismiss (Doc. 6), which was granted in an Order issued on June 22, 2017 (Doc.

1

12). In the wake of that Order, the Lees filed an Amended Complaint (Doc. 17) on July 14, 2017. State Farm filed the instant Motion for Partial Summary Judgment on November 3, 2017, and, as noted above, the Lees failed to respond. The Motion is ripe for decision.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Court must review the facts in the light most favorable to the opposing party and give that party the benefit of any inferences that logically can be drawn from those facts. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212–13 (8th Cir. 1997). The moving party bears the burden of proving the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

Once the moving party has met its burden, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587. However, "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to survive summary judgment. *Anderson v. Durham D & M, LLC*, 606 F.3d 513, 518 (8th Cir. 2010) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Rather, in order for there to be a genuine issue of material fact, the non-moving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson*, 477 U.S. at 248). To meet its burden, "[t]he

nonmoving party must do more than rely on allegations or denials in the pleadings, and the court should grant summary judgment if any essential element of the prima facie case is not supported by specific facts sufficient to raise a genuine issue for trial." *Register v. Honeywell Fed. Mfg. & Techs., LLC*, 397 F.3d 1130, 1136 (8th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). In the case of a plaintiff's failure to respond to a motion for summary judgment, the reviewing court must still address the merits of that motion and not rule automatically in the defendant's favor. *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005), *cert. denied*, 549 U.S. 865 (2006); *United States v. One Parcel of Real Prop.*, 27 F.3d 327, 329 n.1 (8th Cir. 1994); *Canada*, 135 F.3d at 1213 ("When a motion would be dispositive of the merits of the cause if granted, courts should normally not treat a failure to respond to the motion as conclusive.").

## III. DISCUSSION

As an initial matter, although State Farm styled the present Motion as one for Summary Judgment on the Lees' claim for breach of good faith and fair dealing, it is more properly a Motion for Summary Judgment on the Lees' claim for the tort of bad faith. This is because, as the Court explained in its prior Order, Arkansas law generally does not recognize a separate claim for breach of good faith and fair dealing. *Ark. Research Med. Testing, LLC v. Osborne*, 2011 Ark. 158, at *6 (declining to "recognize a separate contract claim for breach of the duty of good faith and fair dealing"); *Country Corner Food & Drug, Inc. v. First State Bank & Trust Co. of Conway, Ark.*, 332 Ark. 645, 655 (1998) ("The fact that every contract imposes an obligation to act in good faith does not create a cause of action for a violation of that obligation, and . . . this court has never recognized a cause

of action for failure to act in good faith."); *see also Mountain Home Flight Serv., Inc. v. Baxter Cnty., Ark.*, 758 F.3d 1038, 1043 (8th Cir. 2014) ("The Supreme Court of Arkansas has clarified that Arkansas contract law does not recognize a separate contract claim for breach of a duty of good faith and fair dealing." (quotation marks omitted)).

However, Arkansas courts do recognize a tort for bad faith against insurance companies. This tort applies to "an insurer who actively engaged in dishonest, malicious, or oppressive conduct in order to avoid its liability." *Osborne*, 2011 Ark. 158, at *6. Although Arkansas law recognizes this tort, "[t]he standard for establishing a claim for bad faith is rigorous and difficult to satisfy." *Unum Life Ins. Co. of Am. v. Edwards*, 362 Ark. 624, 627 (2005) (citing *Delta Rice Mill, Inc. v. Gen. Foods Corp.*, 763 F.2d 1001, 1004 (8th Cir. 1985)). A plaintiff must allege (and prove) that the "defendant insurance company engaged in affirmative misconduct that was dishonest, malicious, or oppressive." *Unum*, 362 Ark. at 628; *see also Findley v. Time Ins. Co.*, 264 Ark. 674, 649-651 (1978). The Arkansas Supreme Court has found substantial evidence of bad faith on the part of insurance companies where, for example, "an insurance agent lied by stating there was no insurance coverage . . . and where a carrier intentionally altered insurance records to avoid a bad risk." *State Auto Prop. & Cas. Ins. Co. v. Swaim*, 338 Ark. 49, 58 (1999) (internal citations omitted).

There is no evidence in the record on which a reasonable jury could conclude that State Farm acted dishonestly, maliciously, or oppressively in how it handled the Lees' policy claim. True, State Farm denied coverage under the policy. But, the law is clear that "[t]he tort of bad faith does not arise from a mere denial of a claim; there must be

affirmative misconduct." *Unum,* 362 Ark. at 628 (citing *Stevenson v. Union Standard Ins. Co.,* 294 Ark. 651, 654 (1988)).

Beyond mere denial of the claim, the only other allegations that could serve as the basis for the Lees' claim of bad faith are the naked assertions that 1) State Farm did not follow the requirements of the Arkansas Arson Reporting Immunity Act[1] (Doc. 17, ¶ 21), 2) State Farm did not report the fire to the Arkansas Fire Marshal as indicated in a letter sent to the Lees (Doc. 17, ¶ 22), 3) State Farm did not in fact send a letter to the Fire Marshal (Doc. 17, ¶ 23), and 4) State Farm's letter to the Lees indicating that it had reported the fire was sent to them in an effort to coerce the Lees to drop their claim (Doc. 17, ¶ 24).

The undisputed evidence in the record refutes each of these allegations and demonstrates that State Farm is entitled to judgment as a matter of law on this claim. First, the evidence confirms that State Farm did in fact submit notice of the fire to the proper officials, in accordance with the Arkansas Arson Reporting Immunity Act. *See, e.g.,* Doc. 19-1 (Copy of April 6, 2016, letter from State Farm to the Arkansas State Police—Attn. State Fire Marshal—that specifically mentioned that it was being sent to comply with the Arkansas Arson Immunity Statute); Doc. 19-2 (business records indicating submission of the letter by State Farm to the Arkansas Fire Marshal as well as to the Lees); Doc. 19-4 (response letter on April 18, 2016, from an official with the Arkansas State Police to State Farm). Moreover, the Lees' attempt to portray State

---

[1] The Arkansas Arson Reporting Immunity Act requires an insurer who believes a fire to have been of "other than accidental cause" to notify an authorized agency of this finding. *See* Ark. Code Ann. § 12-13-303(b)(1).

5

Farm's letter to them (*i.e.* the one stating that the Arkansas Fire Marshal had been notified) as malicious is rebutted by the fact that the Arkansas Arson Reporting Immunity Act *expressly requires* the insurance company to promptly notify an insured when it sends information to an authorized agency after concluding that a fire may have been "other than accidental." *See* Ark. Code Ann. § 12-13-303(d)(2).

In short, the Lees have not met their burden to demonstrate the requisite malicious conduct necessary to sustain a claim for bad faith against State Farm. Therefore, State Farm is entitled to summary judgment on this claim.

## IV. CONCLUSION

In light of the above, **IT IS HEREBY ORDERED** that State Farm's Motion for Partial Summary Judgment (Doc. 20) is **GRANTED**, and the Lees' claim against State Farm for the tort of bad faith is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED** this 6th day of February, 2018.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE